IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-02-08-D |
| ) | |
| SHIRLEY MAYE ROLLOW, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Shirley Rollow's *pro se* Motion to Vacate Final Judgment [Doc. No. 322]. Defendant appears to seek relief under Fed. R. Crim. P. 36 and Fed. R. Civ. P. 60(b) from the criminal judgment entered on March 18, 2003, or the denial of a previous motion for post-conviction relief, based on *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). The government has timely responded in opposition to the Motion, which is at issue.

On June 3, 1998, a grand jury returned a 47-count Indictment against Defendant and three other individuals. Defendant faced ten charges: Count 1, conspiracy to possess and distribute a listed chemical (pseudoephedrine) knowing that it would be manufactured into a controlled substance in violation of 21 U.S.C. § 841(c)(2); and Counts 39-47, structuring transactions to evade financial reporting requirements in violation of 31 U.S.C. § 5324(a)(3). Defendant and co-defendant Norma El-Samad proceeded to a jury trial and were convicted. The trial judge, Senior District Judge Wayne E. Alley, sentenced Defendant to 180 months' imprisonment followed by three years of supervised release. On direct appeal, the sentence was vacated and re-sentencing was ordered in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Rollow*, 146 F. App'x 290, 294-95 (10th Cir. 2005), *cert. denied*, 546 U.S. 1204 (2006).

On remand, a newly-assigned judge, Senior District Judge Ralph G. Thompson, reduced Defendant's sentence to 160 months' imprisonment followed by three years of supervised release. The revised sentence was affirmed in a second appeal. *See United States v. Rollow*, 218 F. App'x 790, 793-94 (10th Cir.), *cert. denied*, 128 S. Ct. 232 (2007).

On September 29, 2008, Defendant moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, asserting four claims for relief. The undersigned found that two claims were procedurally barred, and two claims involving allegations of ineffective assistance of counsel lacked merit. The court of appeals denied a certificate of appealability and dismissed the appeal on December 22, 2009. *See United States v. Rollow*, 357 F. App'x 966 (10th Cir. 2009). Defendant subsequently was denied permission to file a second or successive § 2255 motion. *See In re Rollow*, No. 12-6260, Order (10th Cir. Nov. 13, 2012). In its ruling, the court of appeals expressly rejected Defendant's contention that *Lafler* constituted a new rule of law entitling her to relief. *Id*. at 2-3.

In this situation, this Court lacks jurisdiction to consider Defendant's claim. Because Defendant does not seek merely to correct a clerical error in her criminal judgment, relief is not available under Rule 36. Nor does Defendant raise a claim of error regarding the disposition of her § 2255 motion that might be considered under Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *see also United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Rather, Defendant is seeking relief that is only available under § 2255, but she has been denied prior authorization to file a second or successive motion, as required by 28 U.S.C. § 2255(h). Thus, this Court lacks subject matter jurisdiction to consider the instant Motion. *See Nelson*, 465 F.3d at 1149. Further, the Court finds that a transfer of the matter to the court of appeals under 28 U.S.C. § 1631 is not in the interest of justice. *See In*

*re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Therefore, the Motion should be dismissed for lack of jurisdiction. *See id.*

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate Final Judgment [Doc. No. 322] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 3rd day of April, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE